### McGUIRE *vs.* O'HALLARAN, impl'd with McGINITY.

Evidence of general reputation is not admissible to prove partnership.

If the legal evidence of a partnership be so clear and conclusive that a referee could not but have found the existence of the partnership without regarding the proof by reputation, an objection to the admission by the referee of proof by reputation would be disregarded in this court. Otherwise, if there be room to question the partnership proved upon the evidence properly admitted.

Defendants were joint contractors in the construction of a rail road, and by their agreement each was to furnish his own team and teamsters. Plaintiff had previously been hired as a teamster by one of the defendants for a year, and under such hiring drove a team on the work in question. *Held*, that the defendants are not jointly liable to him.

Plaintiff's services were so much contributed to the common stock by the defendant who had hired him, and such defendant is alone liable.

ACTION for work and labor. The principal question was, whether the defendants were answerable as partners, or whether the plaintiff must look to McGinity alone for his pay. There was a sole referee who reported in favor of the plaintiff, and the defendant moves to set aside the report.

*H. Hogeboom,* for defendants.

*J. Pearcy,* for plaintiff.

*By the Court,* BRONSON, J. The referee admitted evidence of general reputation to make out the alleged partnership between the defendants. That was an error. (*Halliday* v. *McDougall,* 20 Wend., 81; *Smith* v. *Griffith,* 3 Hill, 333.) It is said that there was other and sufficient evidence of the partnership, and consequently that the error has worked no injury to the defendants. If the referee had reported that he wholly disregarded the evidence of reputation in

making his final decision, the objection might be got over. And so, if the legal evidence of a partnership was so clear and conclusive that the referee could not but have found against the defendants without any regard to the proof of reputation, then the objection might be disregarded. It would be idle to send the cause back to a re-hearing when we could see that a new report must evidently be made the same way. But there is room for question upon the evidence which was properly given, whether the defendants are jointly liable to the plaintiff. We can not say that the referee would have made the same report if the illegal evidence had not been received.

This leads me to notice another feature in the case. The defendants were joint contractors for the construction of sections numbers 12 and 25 of the Albany and West Stockbridge rail road, and the plaintiff's labor was rendered as a teamster upon that work. That is enough, *prima facie*, to charge the defendants. But it appears that the agreement between the defendants was, that each should find and provide for his own team and teamsters. The plaintiff had before that time been in the employ of the defendant McGinity alone, and was hired for a year to drive McGinity's team. The evidence tends to show that the plaintiff came with McGinity on to sections 12 and 25, and did the work in question under the original retainer by one of the defendants, and did not think of looking to O'Hallaran for pay until he found that he could not get it from his employer. If the referee shall find that such are the facts, the plaintiff can not recover against both defendants; but must look to his employer. If he was hired for a year by McGinity before there was any joint interest between the defendants, and rendered the services under that retainer, there was then no contract express or implied between him and the defendants jointly. His services were so much contributed to the common stock by McGinity, who alone is liable to the plaintiff. If one borrow money or purchase goods on his own credit for the purpose of afterwards engaging in a joint adventure with a third person, the partner is not answerable to the creditor, although the money or goods may

have gone into the partnership business. (*Saville* v. *Robertson*, 4 T. R., 720; *Vere* v. *Ashby*, 10 B. & C., 288; *Gardiner* v. *Childs*, 3 C. & P., 345; *Post* v. *Kimberly*, 9 Johns. 489–9, *per Thompson, J.*; Story, Part., 211, 231–2; Gow. Part., 153, 193.) The case should be reviewed by the referee upon this question, as well as upon the admission of improper evidence to prove a partnership.

The other points in the case need not be considered.

Motion granted.